UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Ronnie Odell Taylor,<br>    Petitioner,<br><br>-v-<br><br>Les Parish,<br>    Respondent. | No. 1:18-cv-946<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 23, 2018, Petitioner Ronnie Taylor filed a pro se Petition under 28 U.S.C. § 2254, seeking relief from his state court convictions for armed robbery, conspiracy to commit armed robbery, being a felon in possession of a firearm, and possession of a firearm during the commission of a felony. (ECF No. 1.)

The magistrate judge then performed an initial screening and determined that Taylor's petition is time-barred, and that he had not satisfied either equitable tolling or actual innocence. An R & R issued to that effect. (ECF No. 2.)

Now before the Court are Petitioner's objections to the Report and Recommendation. (ECF No. 7.) A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the

district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In his objections, Taylor acknowledges that his Petition is untimely, but asserts that he is entitled to equitable tolling. A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).

Specifically, a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner asserts various grounds for equitable tolling, emphasizing that he suffers from a learning disability, was classified as a special education student while in school, and is currently treated for high blood pressure and anxiety while in MDOC custody. He also asserts that at least six months of the pertinent statute of limitations period were "eaten up"

2

because he was transported to administrative segregation at three separate facilities, and prison officials allegedly lost his property and legal material. Notably, Petitioner does not argue that the MDOC's acted improperly by sending him to administrative segregation on any of those three occasions.

The Court does not find that Taylor has demonstrated equitable tolling. Even assuming that he has shown that he was diligently pursuing his rights, he has not shown that any extraordinary circumstance stood in his way. *Holland*, 560 U.S. at 649. In fact, it is much the opposite; Taylor's own acts stood in his way. By his own admission, Petitioner was unable to work on his § 2254 petition while in administrative segregation at three different facilities for his own misconduct. (*See* ECF No. 7-1.) Equitable tolling is not warranted under such circumstances.

Therefore, the Court **OVERRULES** Petitioner's objections (ECF No. 7) and **ADOPTS** the Magistrate Judge's Report and Recommendation as the Opinion of the Court. (ECF No. 2.) The Petition (ECF No. 1) is **DENIED.** The Court will enter judgment separately.

**IT IS SO ORDERED.**

<u>Certificate of Appealability</u>

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a

reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

**Date:** March 25, 2019              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge